# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **AMERICAN MODERN SELECT** } | |
| **INSURANCE COMPANY,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No.: 2:12-CV-2226-RDP** |
| } | |
| **NICK GALANIS,** } | |
| } | |
| **Defendant.** } | |

### MEMORANDUM OPINION

The matter is before the court on Defendant Nick Galanis's Motion to Dismiss. (Doc. # 7). The matter has been fully briefed. (Docs. # 10, 11, 15 and 16).

### I.     Background

It seems with more and still more frequency, insurers are filing declaratory judgment actions in federal courts to resolve doubt over the respective rights and obligations they and their insureds have under insuring agreements. Over the years, there has been substantial confusion over issues relating to how a federal court should proceed in addressing insurance coverage disputes when the controversy is also pending in a state court. The Eleventh Circuit has provided helpful guidance on this issue. *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328 (11th Cir. 2005). This case involves a straight forward application of *Ameritas Variable Life,* and that application calls for dismissal of this action without prejudice.

On April 27, 2011, tornadoes passed through Pleasant Grove, Alabama and Defendant's house was destroyed. Plaintiff American Modern Select Insurance Company initiated this action on

June 20, 2012. (Doc. # 1). Plaintiff seeks a declaratory judgment that it does not owe coverage to Galanis under a particular insurance policy purportedly covering the subject dwelling. (Doc. # 1).

On July 12, 2012, in the Circuit Court of Jefferson County, Alabama, Galanis initiated his own action related to this property. (Doc. # 7-1). Galanis sued not only Plaintiff in this action, but also asserted claims against the Massey Agency, L.L.C., an insurance agency through whom he purchased the subject coverage and made payments, including late payments reinstating coverage, on his policies. (Doc. # 7-1). The Massey Agency apparently routinely accepted late policy payments by Galanis while maintaining his insurance coverage. (Doc. # 7-1). In the state court action, Galanis makes the following claims

1. Count 1. Misrepresentation against Massey for representations that the subject policy had not been cancelled;

2. Count 2. Fraud in the failure of American Modern Select and Massey to disclose that the subject policy had been cancelled;

3. Count 3. Misrepresentation and concealment against American Modern Select and Massey for failure to disclose the subject policy had cancelled;

4. Count 4. Negligent hiring, training and supervision of Massey's employees against Massey with regards to the cancellation of the subject policy;

5. Count 5. Negligent hiring, training and supervising of Massey against American Modern Select with regards to the cancellation of the subject policy;

6. Count 6. Breach of contract against American Modern Select; and

7. Count 7. Bad faith against American Modern Select.

(Doc. # 7-1).

Galanis has moved this court to dismiss this action on abstention grounds in favor of the state court litigation he initiated. Galanis also argues that the Massey Agency is an indispensable party

who cannot be joined in this lawsuit without destroying federal diversity jurisdiction. (Docs. # 7 and 11). The Massey Agency is an Alabama limited liability company. (Doc. # 7-1).

**II.     Analysis**

Plaintiff's Complaint in this action sounds exclusively in a request for declaratory judgment. At an October 18, 2012, scheduling conference in this matter, however, Galanis indicated that he will file compulsory counterclaims of breach of contract and bad faith along with his Answer. (Doc. # 15 at 3).   However, those claims are not presently before this court, nor is the Massey Agency presently a party to this case.

"[T]he Declaratory Judgment Act is properly 'understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Lexington Ins. Co. v. Rolison*, 434 F.Supp.2d 1228, 1233 (S.D. Ala. 2006) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "[C]ourts in this Circuit have long recognized that they have discretion to 'decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties[,]'" *i.e.*, where there exists a parallel state court action. *State Farm Fire and Cas. Co. v. Knight*, 2010 WL 551262, *2 (S.D. Ala. 2010) (citation omitted); *Pennsylvania National Mutual Cas. Ins., Co. v. King*, 2012 WL 280656 (S.D. Ala. 2012). The Eleventh Circuit has observed that the Act "only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so." *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1330 (11th Cir. 2005). "'The desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum.'" *Lexington Ins. Co.*, 434 F.Supp.2d at 1233 (quoting *State Auto Ins. Companies v. Summy*, 234 F.3d 131, 136 (3rd Cir.2000)).

This court has discretion to "decline to entertain a declaratory judgment action on the merits when a pending proceeding in another court will fully resolve the controversy between the parties." *Ven-Fuel, Inc. v. Department of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982). The Eleventh Circuit has emphasized that considerations of federalism, comity, and efficiency require district courts to balance federal and state interests in determining how (and whether) to exercise their discretion to hear a declaratory judgment action in the face of a parallel state action. *Ameritas Variable Life Ins. Co.*, 411 F.3d at 1330-31.

The Eleventh Circuit has explained that "when federal and state proceedings involve substantially the same parties and substantially the same issues" they are sufficiently parallel. *Ambrosia Coal and Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (addressing the *Colorado River* abstention analysis); *see Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) ("For purposes of *Wilton* abstention analysis, '[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums.").

Plaintiff here asserts that the two actions are not parallel. The court disagrees. Presently before this court is a claim seeking a declaratory judgment that Plaintiff owes no duty to Galanis under the subject policy. (Doc. # 1). Pending in the state court is a breach of contract claim by Galanis asserting that American Modern Select had an obligation to him under the subject policy, among others, which was breached. Also pending in the state court is a claim that American Modern Select acted in bad faith in failing to investigate and pay Galanis's claim under the subject policy. The issue of coverage necessarily arises as part of the state court breach of contract claim. An adjudication of that claim will also resolve the only claim in this case – is there coverage? However,

4

the converse is not true. An adjudication of the coverage claim in this case will not resolve all of the issues in the state court litigation.

The Eleventh Circuit has provided us with a list of factors to inform federal courts' discretionary decisions about whether to abstain from exercising jurisdiction over state-law claims in the face of parallel litigation in the state courts:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;
>
> (2) whether the judgment in the federal declaratory action would settle the controversy;
>
> (3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;
>
> (4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"-that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;
>
> (5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;
>
> (6) whether there is an alternative remedy that is better or more effective;
>
> (7) whether the underlying factual issues are important to an informed resolution of the case;
>
> (8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and
>
> (9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*Ameritas Veritable Life Ins Co.*, 411 F.3d at 1331. The Eleventh Circuit noted that its "list is neither absolute nor is any one factor controlling; these are merely guideposts in furtherance of the Supreme

Court's admonitions in *Brillhart* and *Wilton*." *Id*.  Applying those factors here, the court concludes it should exercise its discretion in favor of abstention.

The state court action initiated by Galanis means that this dispute is being litigated in an existing alternative forum.  All parties may be joined in that forum and complete relief may be awarded there.  That is, all parties (including the Massey Agency) will have an opportunity to litigate in the state forum.[1]  The availability of an alternative forum weighs strongly in favor of dismissal of this case.  Moreover, litigation in a forum that includes the Massey Agency will place the trier of fact there in a better position to reach an informed resolution of this controversy.  Both of these cases are in their infancy.  In light of the existence of the state litigation, this case will not help clarify the legal relations at issue, nor help settle the controversy between all parties. The state court litigation will.  Finally, failure to dismiss this case (and to allow this case to proceed simultaneously with the state action) would result in both duplication of effort and the potential for inconsistent results.  For all these reasons, dismissal of this action would also serve the interests of judicial efficiency.

---

[1] Plaintiff's contention that this court could exercise supplemental jurisdiction over the Massey Agency is simply off the mark. In *Ameritas Veritable Life Ins Co.*, the Eleventh Circuit rejected a similar argument:

> Ameritas places great emphasis on the issue of the district court's ability to appropriately exercise supplemental jurisdiction over the non-diverse third-party litigants. It argues that the determination whether the court abused its discretion hinges on the outcome of this issue. We disagree. The state court action includes all the parties to the dispute, which is controlled by state law. There is no need for a federal district court to reach out for expanded jurisdiction even were it permissible.

*Ameritas Veritable Life Ins Co.*, 411 F.3d at 1331, n. 5.  This analysis applies with equal force here.

### III.     Conclusion

The court exercises its "substantial discretion" to decline to declare the parties' rights in this case. *Lexington Ins. Co.*, 434 F.Supp.2d at 1233.  Therefore, Defendant's Motion to Dismiss (Doc. # 7) is **GRANTED.**

    **DONE** and **ORDERED** this    1st    day of November, 2012.

                                      **R. DAVID PROCTOR**
                                      UNITED STATES DISTRICT JUDGE